COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|   |   |
|---|---|
| § | No. 08-20-00140-CV |
| § | Appeal from the |
| § | 98th Judicial District Court |
| § | of Travis County, Texas |
| § | (TC# JV35920) |

IN THE MATTER OF R.F.,

A JUVENILE,

# **O P I N I O N**

Pursuant to his plea of true, Appellant R.F. was adjudicated delinquent for committing burglary of a habitation with the attempted or actual commission of a felony, namely: sexual assault.[1] Following a consolidated transfer and registration hearing, the district court sitting as the juvenile court assessed a determinate sentence of twelve years and placed R.F. into the custody of the Texas Juvenile Justice Department ("TJJD"), with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice ("TDCJ"). The court also ordered R.F. to register privately as a sex offender. In his first issue on appeal, R.F. argues that his determinate sentence is unlawful because the juvenile court could not impose a determinate sentence for his

---

[1] *See* TEX.PENAL CODE ANN. § 22.011 (sexual assault statute); TEX.PENAL CODE ANN. § 30.02 (burglary of a habitation statute).

burglary of a habitation adjudication.   In his second issue, R.F. argues that the court committed

procedural error by excluding several published articles that he attempted to admit into evidence

during the sex offender-registration hearing.   For the reasons set forth below, we affirm the

juvenile court's judgment supporting R.F.'s determinate sentence and the court's order requiring

R.F. to privately register as a sex offender.[2]

## I.  PROCEDURAL BACKGROUND

In its petition alleging delinquent conduct, the State alleged that on or about March 19,

2018, R.F.:

> [V]iolated a penal law of this State punishable by imprisonment, to wit: Section
> 22.011 of the Texas Penal Code (Sexual Assault), in that he did then and there
> intentionally or knowingly cause the penetration of the female sexual organ of
> [C.R.], by the Respondent's sexual organ, without the consent of [C.R.].[3]

The State further alleged that R.F.:

> [V]iolated a penal law of this State punishable by Imprisonment, to wit: Section
> 30.02 of the Texas Penal Code (Burglary of a Habitation with Attempted or Actual
> Commission of a Felony), in that he did then and there knowingly and intentionally
> enter a habitation without the effective consent of [C.R.], the owner, and therein
> attempted to commit or committed a felony, to wit: the sexual assault of [C.R.].

Finally, the State alleged that during the same incident, R.F. committed the additional delinquent

conduct of unauthorized use of a vehicle by "intentionally and knowingly operat[ing] a motor-

propelled vehicle owned by [C.R.], without her effective consent."[4]   Pursuant to a plea agreement,

R.F. pleaded true to the burglary of a habitation allegation, and the juvenile court found true the

allegation that R.F. committed burglary of a habitation with the attempted or actual sexual assault

---

[2] This case was transferred from our sister court in Austin, and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

[3] To protect the victim's identity, we refer to her by her initials in place of her true name.   *See* TEX.R.APP.P. 9.10.

[4] *See* TEX.PENAL CODE ANN. § 31.07 (unauthorized-use-of-a-motor-vehicle statute).

of C.R. The State waived the sexual assault allegation as part of the plea agreement, and also dismissed the petition alleging R.F.'s unauthorized use of a motor vehicle. On June 14, 2018, the court assessed a determinate sentence of twelve years, required R.F. to complete sex offender treatment, and placed R.F. in the custody of TJJD, with a possible transfer to the TDCJ's Institutional Division. The court initially deferred the decision on R.F.'s sex offender-registration requirements. On January 23, 2020, a TJJD representative informed the court that R.F. had completed his sex offender treatment. Shortly thereafter, the trial court held a pretrial evidentiary hearing on the questions of whether R.F. should be transferred to the TDCJ's Institutional Division and whether he should be required to register as a sex offender. As we discuss below, at that hearing, the trial court declined to admit into evidence several of R.F.'s exhibits offered under the hearsay rule exception set forth in TEX.R.EVID. 803(18). Following both parties' presentation of testimony and evidence, the court ordered R.F. released to TDCJ's Parole Division and ordered R.F. to register privately as a sex offender under chapter 62 of the Texas Code of Criminal Procedure. In a subsequent hearing, R.F. unsuccessfully challenged the court's sex offender registration order on the ground that burglary of a habitation with intent to commit a felony was not an offense for which an adjudication would require him to register as a sex offender. This appeal follows.

## II. ISSUES ON APPEAL

In Issue One, R.F. argues that the juvenile court erred by imposing a determinate sentence for his burglary of a habitation adjudication because that offense is not included in the list of eligible offenses for determinate sentences under TEX.FAM.CODE ANN. § 53.045(a). In Issue Two, R.F. argues that during the pretrial evidentiary hearing, the juvenile court abused its discretion by excluding several scholarly articles that he offered under the hearsay rule exception

in TEX.R.EVID. 803(18).

### III.  DETERMINATE SENTENCE

Under the Texas Family Code, a juvenile court may impose a determinate sentence if the fact finder at the adjudication hearing concludes that the child engaged in delinquent conduct involving a violation of a penal law listed in section 53.045(a) of the same code.  TEX.FAM.CODE ANN. § 54.04(d)(3).  In turn, section 53.045(a) lists the several offenses for which an adjudicated juvenile may receive a determinate sentence, but as R.F. points out, burglary of a habitation is not one of the listed offenses.  TEX.FAM.CODE ANN. § 53.045(a).  However, the offense of criminal attempt of a "3(g)" offense is included on the list, which the State argues supports the trial court's ruling.  And a Third Court of Appeals decision supports the State's argument.

The Austin court addressed the question of whether a juvenile may receive a determinate sentence for burglary of a habitation with attempted sexual assault in *In Matter of A.C.*, No. 03-14-00804-CV, 2016 WL 4628065, at *2 (Tex.App.--Austin Aug. 30, 2016, no pet.) (mem. op.). In that case, the juvenile was adjudicated delinquent for burglary of a habitation with attempted sexual assault, and the juvenile court assessed a ten-year determinate sentence and placed the juvenile on probation.  *Id*. at *1.  The court subsequently found that the juvenile had violated the terms and conditions of his probation, and the court modified his disposition by committing him to the custody of TJJD for a determinate period of ten years.  *Id*.

On appeal, the juvenile raised a similar argument to the one presented here: whether burglary of a habitation with attempted sexual assault was an offense for which the juvenile could receive a determinate sentence under section 53.045(a).  *Id*. at *2.  The Austin court of appeals rejected the juvenile's argument and held that the juvenile could receive a determinate sentence in that circumstance.  *Id*. at *3.  Applying the canons of statutory construction, the court first

4

recognized that section 54.04(d)(3) permits a determinate sentence if "the court or jury found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct that *included* a violation of a penal law listed in Section 53.045(a)." *Id*. at *2. (internal quotation marks omitted). The court further noted that although burglary of a habitation is not an offense listed under section 53.045(a), the offense of criminal attempt is listed under section 53.045(a), "if the offense attempted was . . . an offense listed by Section 3g(a)(1), Article 42.12, Code of Criminal Procedure." *Id*. [Internal quotations omitted]. Because sexual assault was listed as one of the offenses under former article 42.12, § 3g(a)(1), the court concluded that a juvenile who was found to have committed delinquent conduct that "*included* the offense of attempted sexual assault" could receive a determinate sentence under the plain language of section 54.04.[5] *Id*. (emphasis in original).

In our case, R.F. pleaded true to the State's burglary of a habitation allegation, and the juvenile court subsequently found that R.F.:

> [V]iolated a penal law of this State punishable by Imprisonment, to wit: Section 30.02 of the Texas Penal Code (Burglary of a Habitation with Attempted or Actual Commission of a Felony), in that he did then and there knowingly and intentionally enter a habitation without the effective consent of [C.R.], the owner, and therein attempted to commit or committed a felony, to wit: the sexual assault of [C.R.].

Thus, by finding the State's allegation to be true, the court made a finding that R.F. had engaged in delinquent conduct that included a violation of a penal offense listed under section 53.045(a), specifically, sexual assault. *See* TEX.FAM.CODE ANN. § 53.045(a)(5). Under the Austin court's prior precedent and the relevant statutes, R.F.'s adjudication for burglary of a habitation, along with the juvenile court's finding that he attempted or actually committed sexual assault during the

---

[5] Although TEX.CODE CRIM.PROC.ANN. art. 42.12 has since been recodified at TEX.CODE CRIM.PROC.ANN. art. 42A.054, sexual assault is still listed as an offense under the new statute. *See* TEX.CODE CRIM.PROC.ANN. art. 42A.054(a)(8); *see also* TEX.PENAL CODE ANN. § 22.011.

commission of burglary of a habitation, authorized R.F.'s determinate sentence.[6]  *See In Matter of A.C.*, 2016 WL 4628065, at *2-3.  Accordingly, we reject R.F.'s contention that he could not receive a determinate sentence for his adjudication for burglary of a habitation with sexual assault.

R.F.'s Issue One is overruled.

## IV. EXCLUSION OF EVIDENCE

### A. Applicable Law and Standard of Review

#### 1. Registration hearings generally

An adjudication of delinquent conduct for burglary of a habitation with attempted sexual assault generally requires the juvenile to register as a sex offender.  *See* TEX.CODE CRIM.PROC.ANN. art. 62.001(5)(A); TEX.CODE CRIM.PROC.ANN. art. 62.051(a) (generally requiring the registration of "person who has a reportable conviction or adjudication"); *see also In Matter of A.C.*, 2016 WL 4628065, at *2 (stating that article 62.001(5)(A) defines "'reportable conviction or adjudication' to include burglary of habitation with intent to commit [sexual] assault").  Prior to requiring a juvenile to register, the juvenile court must first conduct a hearing to determine whether the interests of the public require the juvenile to register.  TEX.FAM.CODE ANN. § 62.351(a).  At the hearing, the juvenile has the burden to show by a preponderance of the evidence that: (1) the protection of the public would not be increased by registration of the juvenile; or (2) any potential increase in the protection of the public resulting from the registration of the responded is clearly outweighed by the anticipated substantial harm to the juvenile and the juvenile's family that would result from registration.  *Id*. §§ 62.351(b), 62.352(a).

---

[6] This case was transferred from our sister court in Austin, and we decide it in accordance with the precedent of that court, including its *In Matter of A.C.* opinion, to the extent required by TEX.R.APP.P. 41.3.  And, even if we did not decide the issue in accordance with the Austin court's precedent, we see no reason to deviate from that court's analysis or its interpretation of the relevant statutes in the Family Code as they pertain to R.F.'s appellate complaint.  *See In Matter of A.C.*, No. 03-14-00804-CV, 2016 WL 4628065, at *2-3 (Tex.App.--Austin Aug. 30, 2016, no pet.) (mem. op.).

Article 62.351(b) provides that a juvenile court may make its determination based on: (1) the receipt of exhibits; (2) the testimony of witnesses; (3) representations of counsel for the parties; or (4) the contents of a social history report prepared by the juvenile probation department that may include the results of testing and examination of the responded by a psychologist, psychiatrist, or counselor. TEX.CODE CRIM.PROC.ANN. art. 62.351(b). Although article 62.351 does not explicitly state that the Texas Rules of Evidence apply during registration hearings, generally, the Rules of Evidence "apply to proceedings in Texas courts," subject only to certain exceptions that are inapplicable here. *See* TEX.R.EVID. 101(b), (d)-(g); *see also* TEX.FAM.CODE ANN. § 51.17(c) (providing that the except as otherwise provided, "the Texas Rules of Evidence applicable to criminal cases . . . apply in a judicial proceeding under this title" which include delinquency proceedings); *In re S.A.M.*, No. 03-14-00023-CV, 2014 WL 4548865, at *1–*2 (Tex.App.--Austin Sept. 11, 2014, no pet.) (mem. op.) (in appeal from registration order, the court outlines how the admission of several documents violated the hearsay rule, but ultimately concluded any error in admitting the documents was harmless).

### 2. Hearsay and Rule 803(18)

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex.Crim.App. 2011), *citing* TEX.R.EVID. 801(d) (internal quotation marks omitted). Hearsay is inadmissible unless it falls into one of the exceptions in Rules of Evidence 803 or 804. *Id.*, *citing* TEX.R.EVID. 802. Under Rule 803(18), commonly known as the "learned treatise" exception, a statement contained in a treatise, periodical, or pamphlet is admissible if: (1) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (2) the publication is established as a reliable authority by the expert's admission or testimony, by another

7

expert's testimony, or by judicial notice. TEX.R.EVID. 803(18). If the statement is admitted, the statement may only be read into evidence and cannot be received as an exhibit. *Id*.

### 3. Standard of Review

We review a trial court's determination of whether a hearsay statement is admissible under Rule 803(18) for an abuse of discretion. *See Mauzey v. Sutliff*, 125 S.W.3d 71, 84 (Tex.App.--Austin 2003, pet. denied). A trial court only abuses its discretion in admitting or excluding hearsay evidence if its decision falls outside the zone of reasonable disagreement, and the court's ruling will be upheld provided that the trial court's decision "is reasonably supported by the record and is correct under any theory of law applicable to the case." *Ritcherson v. State*, 476 S.W.3d 111, 128-29 (Tex.App.--Austin 2015), *aff'd*, 568 S.W.3d 667 (Tex.Crim.App. 2018), *quoting Brito Carrasco v. State*, 154 S.W.3d 127, 129 (Tex.Crim.App. 2005).

### B. Analysis

During the pretrial evidentiary hearing, R.F. offered Respondent's Exhibits 8 through 13, which are a series of published articles regarding the effects of sex offender registration on juveniles. The State objected to the exhibits' admission on the basis that they contained hearsay, and R.F. argued that the exhibits were admissible under the learned treatise exception pursuant to Rule 803(18). The State responded that R.F. had not satisfied the prerequisites of Rule 803(18) because: (1) an expert had not been questioned about the exhibits on cross-examination or relied on the exhibits on direct examination; and (2) an expert had not testified that the exhibits were reliable authority in their fields, and the court had not taken judicial notice of that fact. The State further argued that even if R.F. had satisfied Rule 803(18)'s requirements, the exhibits could not be admitted as exhibits under the rule, but could only be read into the record. R.F. responded that he had not laid the predicate through an expert because the State had not requested his list of expert

8

witnesses. The court sustained the State's objection and refused to admit any of the articles because the "foundational requirements" had not been laid for their admission. R.F. did not reoffer the exhibits during the subsequent registration hearing. Rather, at the registration hearing, R.F. presented testimony from his case manager from TJJD, who provided testimony favorable to R.F.'s case. The court then afforded R.F. an opportunity to present further evidence, but R.F. rested his case and did not offer other evidence.

On appeal, R.F. argues that the juvenile court committed procedural error by excluding the proffered articles, and that the court's action amounted to constitutional error because it precluded him from presenting a defense. Citing *Matter of B.J.H.B.*, No. 13-18-00135-CV, 2019 WL 5997505, at *3-*4 (Tex.App.--Corpus Christi Nov. 14, 2019, no pet.) (mem. op.), R.F. contends that the court's ruling had a "chilling effect" on his ability to meet his burden to demonstrate that his registration as a sex offender was unwarranted. We find *Matter of B.J.H.B.*, however, distinguishable. In that case, it was undisputed that the juvenile court did not permit the juvenile to present testimony from witnesses to satisfy his burden of proving that he was exempt from registration under articles 62.351(b) and 62.352(c). *Matter of B.J.H.B.*, 2019 WL 5997505, at *3. The Corpus Christi court held that the juvenile court's failure to allow the juvenile to present any evidence under article 62.352(a) was an abuse of discretion. *Id*. at *4.

In contrast, the juvenile court in this case permitted R.F. to present his TJJD case manager's testimony, and the court further allowed R.F. the opportunity to offer other evidence and call other witnesses. Because the court allowed R.F. to present evidence during the registration hearing to meet his burden under articles 62.351 and 62.352, his reliance on *Matter of B.J.H.B.* is misplaced. We therefore hold that the court did not commit procedural error by excluding the proffered articles, and because the court allowed R.F. to present evidence to meet his burden of proof, we

9

further hold that the exclusion of the articles did not amount to a constitutional violation by entirely precluding him from presenting a defense. *See Potier v. State*, 68 S.W.3d 657, 659 (Tex.Crim.App. 2002) (stating that a trial court can place reasonable restrictions on the defendant's evidence, and that "[s]uch rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve'"), *quoting United States v. Scheffer*, 523 U.S. 303, 308 (1998); *Valle v. State*, 109 S.W.3d 500, 507 (Tex.Crim.App. 2003) (stating that "[t]he fact that [an] appellant was not able to present his case in the form he desired does not amount to constitutional error when he was not prevented from presenting the substance of his defense . . . ").

Moreover, to the extent that R.F. argues that the court should have admitted the articles under the learned treatise exception, we conclude that the court did not abuse its discretion by refusing to do so. Under Rule 803(18), the proponent of the evidence has the burden to: (1) call the statement to the attention of an expert witness on cross-examination, or offer testimony on direct examination from an expert that he or she relied on the statement; and (2) establish the statement as reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. TEX.R.EVID. 803(18). In this case, R.F. did not attempt to introduce the articles through an expert witness's testimony, and even if he had properly laid the predicate for the articles' admission, he could not have had the articles admitted as exhibits because they could only have been read into evidence. *Id*. Because R.F. did not satisfy Rule 803(18)'s requirements for the offering and admission of the articles, we hold that the court did not abuse its discretion by excluding the articles.

R.F.'s Issue Two is overruled.

10

## V.  CONCLUSION

The juvenile court's judgment is affirmed.

JEFF ALLEY, Justice

November 30, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.